IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBRIDGE ARTS, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CONNIE XU, an individual, SHUGUANG KANG, an individual, and DOES 1 through 10,<br><br>    Defendants. | No. C 05-02483 WHA<br><br>**ORDER REMANDING CASE** |

## INTRODUCTION

In this action alleging conversion of property, the Court finds that there was no basis for removal under 28 U.S.C. 1441(b). Accordingly, this order **REMANDS** the action to state court.

## STATEMENT

On May 10, 2005, plaintiff Starbridge Art, Inc. filed an action in state court alleging a single cause of action for conversion of property. Defendants' notice of removal was filed on June 17, 2005. After a preliminary review of the case file, an order was issued on July 5, 2005, asking defendants to show cause why the action should not be remanded by July 25, 2005. This order now addresses defendants' response, filed on July 22, 2005.

Starbridge Art, Inc. is "a closely-held corporation whose primary purpose is to organize and promote entertainment programs targeted at the Chinese-language population in the Bay Area" (Compl. ¶ 5). It organized a concert event called "Sing Along Song" held on January 23, 2005, which brought together a number of well-known Chinese-language music and media stars

(*id.* at ¶¶ 6, 10). Plaintiff alleges that defendant Xu volunteered to assist with plaintiff's online promotional efforts for this event (*id.* at ¶ 7). After the concert was over, Xu and her husband, defendant Kang, allegedly deleted various computer files associated with plaintiff's online ticket reservation system and indicated that these files would only be surrendered "following negotiation of a fee" (*id.* at ¶¶ 8, 10).

The notice of removal acknowledges that the complaint "asserts a single cause of action for conversion" (Notice of Removal ¶ 2). Defendants, however, allege that they are the rightful owners of the "custom-designed computer software program" in dispute (*id.* at ¶ 3). Defendant Kang further alleges that the software program he wrote is protected by federal copyright law (*id.* at ¶ 4). In short, defendants claim that plaintiff was only entitled to use the software program for a "temporary evaluation period;" after this period expired, the files were removed because plaintiff refused to pay a reasonable licensing fee (*id.* at ¶¶ 3–5).

At the same time they removed this action, defendants filed their own action in federal court, which was assigned Civil Docket No. 05-02495 WDB. Therein, defendant Xu asserts that she was plaintiff's employee, not a volunteer, and should have been compensated accordingly. The complaint alleges (1) failure to pay minimum wages in violation of FLSA § 206 and California Labor Code §§ 511 & 1197; (2) failure to pay overtime wages in violation of FLSA § 207 and California Labor Code § 1194; (3) breach of contract; and (4) quantum meruit. Defendant Kang further alleges that he is entitled to (5) value of goods sold and delivered and (6) declaratory relief regarding his ownership of a federally copyrighted work. By separate motion for administrative relief, defendants seek to have that action related to this one.

**ANALYSIS**

Removal under 28 U.S.C. 1441(b) is permitted for actions involving a federal question over which the district court would have had original jurisdiction pursuant to 28 U.S.C. 1331. The removing party always bears the burden of establishing removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1990). The removal statutes are strictly

construed such that any doubts are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The "well-pleaded complaint rule" provides that federal jurisdiction only exists when a federal question is presented on the face of plaintiff's properly pleaded complaint, unaided by the answer or by the petition for removal. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936)(further noting that the federal issue must not be "merely a possible or conjectural one"). This rule thus enables the plaintiff, as "master of the complaint" to have his action heard in state court "by eschewing claims based on federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 385, 399 (1987).

Here, defendants openly acknowledge that no federal issue was presented on the face of plaintiff's complaint. Instead, they argue that their counterclaims (as well as their own subsequently-filed lawsuit) raise federal issues. A federal *defense*, however, even if anticipated, is not part of a plaintiff's cause of action. *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). This order therefore finds that defendants have not met their burden of demonstrating that removal was proper, particularly as any doubt should be resolved in favor of remand.

## CONCLUSION

For the reason stated above, this action is immediately **REMANDED** to the Superior Court of California for the County of Alameda.

**IT IS SO ORDERED.**

Dated: August 1, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California